## Millen Sabin *vs.* Mary Cooper & Trustee.

By the Rev. Sts. *c.* 109, § 30, *cl.* 5, a debtor is not to be charged as trustee for a debt due on a judgment rendered within one year before the service of the trustee process, and on which he is liable to an execution.

On a promise to pay a certain sum on a certain day in each year as long as the promisee should live, and at the same rate for any part of a year, the promisor may be charged as trustee of the promisee for the proportion of a yearly payment which the portion of the year that had elapsed when the writ was served on him bore to the whole year.

Nonjoinder of joint debtors as trustees in foreign attachment can be pleaded in abatement only.

TRUSTEE PROCESS, served upon the trustee on the 9th of June 1858. The trustee in his answer disclosed that at February term 1858 of the court of common pleas the principal defendant obtained two judgments against him, one for about eighty three dollars and costs, and the other for about eighty dollars and costs; and that the principal defendant held a written promise, dated March 1st 1848, of the trustee and three other persons, in consideration of a release of dower by her to. the trustee, " to pay Mary Cooper, at her residence in Lenox, forty five dollars annually so long as the said Mary Cooper shall live, and at that rate for any part of a year." *Putnam,* J. discharged the trustee, and the plaintiff alleged exceptions.

*A. J. Waterman,* for the plaintiff.

*J. Tucker, (J. E. Field* with him,) for the trustee.

HOAR, J. 1. The trustee is not to be charged with the amount of either of the judgments disclosed by the answer. The date of these judgments is given, and it appears that both of them were rendered within one year of the time of the service of the trustee process. The trustee was therefore liable to an execution upon them, and by an express provision in the statute is not chargeable. Rev. Sts. *c.* 109, § 30, *cl.* 5. It is true that the trustee has not expressly claimed to be discharged on that ground; but he has disclosed the facts, and submitted the question of his liability to the court. He had no need to set forth a mere conclusion of law.

2. We are of opinion that the trustee must be charged for the proportion of the forty five dollars payable on the 1st of

March 1859, which was due on the day of the service of the writ. By the contract of March 1st 1858, he was bound to pay to the principal defendant forty five dollars on the first day of March annually during her life, and a like proportion for any part of a year. The meaning of this agreement obviously is, that the annuity shall not be payable until the first day of March in each year, unless she should die at some time in the interval between the days of payment, and that, in case of her death, such a proportion of the forty five dollars as the time which she had lived since the last preceding payment bore to the whole year should at once become due. The effect of this is, that for each day which she lives the proportion of the forty five dollars which that day bears to the entire year becomes no longer contingent. If she lives through the whole year, it is a component part of the sum to be paid at the end of the year. If she dies sooner, it becomes sooner payable, as a component part of the smaller sum to be paid at her death. And she must either live or die. The only contingency is as to the time of payment; and by the statute, money which is due, though not yet payable, if sure to become payable at some future time, may be attached by the trustee process. If the annuity had only been payable on fixed days during her life, without the provision for an apportionment, each instalment would have been contingent until the day of payment, and would not have been subject to the trustee process.

3. The objection that the other joint obligors were not served with process cannot avail. The debt is the debt of this trustee; and if he had any objection to the nonjoinder of the others, he should have taken it by an answer in abatement. He is fully protected against any payment made by the others without notice of the trustee process, which seems to be the only inconvenience or risk to which the failure to summon them could subject him.                    *Trustee charged.*